**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
**www.flmb.uscourts.gov**

In re:

                                                  Chapter 13
                                      Case No.: 6:18-bk-02690-KSJ

**ROBERT L. TINCHER,**

    Debtor.
_____/

## OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN

Secured Creditor, **FRANKLIN CREDIT MANAGEMENT, AS SERVICING AGENT FOR DEUTSCHE BANK NATIONAL TRUST COMPANY, AS CERTIFICATE TRUSTEE ON BEHALF OF BOSCO CREDIT II TRUST SERIES 2010-1** ("Franklin Credit" or "Secured Creditor") objects to confirmation of the Debtor's proposed Chapter 13 Plan and states:

1. On May 7, 2018 (the "Petition Date"), the Debtor filed its Voluntary Petition under Chapter 13 of the United States Bankruptcy Code [D.E. 1].

2. Secured Creditor is the owner and holder of that certain promissory note and that mortgage recorded in OR Book 5888, Page 675, in the Official Records of Volusia County, Florida on the property located at *1602 Providence Boulevard, Deltona, FL 32725*.

3. On May 22, 2018, Secured Creditor timely filed its secured proof of claim [Claim No. 1-1] (the "Claim") in the total amount of $63,716.20 with arrearage in the amount of $45,101.20 and current on-going monthly payment of $340.28.

4. On May 31, 2018, the Debtor filed the proposed Chapter 13 Plan [D.E. 14](the "Plan").

- 2 -

5. The Plan indicates an intention to pursue Mortgage Modification Mediation ("MMM") with Secured Creditor, however, to date, the Debtor has not yet filed a Motion for Referral to MMM.

6. The Debtor cannot modify the subject loan documents solely through plan treatment. Pursuant to 11 U.S.C. § 1322(b)(2), the terms of the original Note and Mortgage shall remain in full force and effect unless and until there has been a judicial determination and approval of a loan modification offered after completion of a loan modification review, if the MMM motion is appropriately and timely filed.

7. The Plan fails to accurately reflect the current on-going monthly payment due to Secured Creditor, as well as, fails to provide for any payment amount that is to be paid toward curing the total outstanding pre-petition arrearages in the amount of $45,101.20 due and owing Secured Creditor. Therefore, the Plan is not in compliance with the requirements of 11 U.S.C. §§ 1322(b)(3) and 1325(a)(5) and cannot be confirmed.

8. Secured Creditor objects to any plan which proposes to pay it anything less than the current on-going monthly mortgage payment amount of $340.28 and anything less than $45,101.20 as the pre-petition arrearage over the life of the plan.

9. Creditor retains the right to inquire further into the Debtor's eligibility for loss mitigation options.

10. If mediation is conducted in this case and no agreement is reached between the parties, Secured Creditor's claim should be paid in full or the property surrendered to Secured Creditor and the automatic stay terminated *in rem* with respect to the collateral real property.

11. Debtor's plan should also account for future tax and insurance obligations.

12. Secured Creditor reserves the right to supplement or amend this Objection ton Confirmation if necessary.

**WHEREFORE**, Secured Creditor respectfully requests that this Honorable Court sustain its Objection to Confirmation, deny confirmation of the Debtor's proposed Chapter 13 plan, and for any such other relief that the Court deems just and proper.

**Dated this 7th day of June, 2018.**

            Respectfully submitted,

            **GHIDOTTI | BERGER, LLP**
            *Attorneys for Secured Creditor*
            3050 Biscayne Blvd. - Suite 402
            Miami, Florida 33137
            Telephone: (305) 501.2808
            Facsimile: (954) 780.5578

            By:  /s/ Chase A. Berger
               Chase A. Berger, Esq.
               Florida Bar No. 083794
               cberger@ghidottiberger.com

**CERTIFICATE PURSUANT TO LOCAL RULE 9011-4(B)(1)**

I certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this court as set forth in Local Rule 2090-1(A).

            By:  /s/ Chase A. Berger
               Chase A. Berger, Esq.

*Case No.: 6:18-bk-02690-KSJ*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 7, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

I also certify that the foregoing document is being served this day, either via transmission of Notice of Electronic Filing generated by CM/ECF or by first class U.S. Mail, upon:

*Debtor*
**Robert L. Tincher**
1602 Providence Blvd.
Deltona, FL 32725

**Charles W Price**
Price Law Firm
400 Maitland Avenue
Altamonte Springs, FL 32701

*Trustee*
**Laurie K Weatherford**
Post Office Box 3450
Winter Park, FL 32790

*U.S. Trustee*
**United States Trustee - ORL7/13, 7**
Office of the United States Trustee
George C Young Federal Building
400 West Washington Street, Suite 1100
Orlando, FL 32801

                                        By:    /s/ Chase A. Berger
                                                   Chase A. Berger, Esq.