[Dodirmmm] [District Order Directing Mortgage Modification Mediation]

ORDERED.

Dated: August 02, 2018

Karen S. Jennemann
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:   Case No. 6:18−bk−02690−KSJ
     Chapter 13

Robert L. Tincher

_____Debtor*_____/

ORDER DIRECTING
MORTGAGE MODIFICATION MEDIATION

   THIS CASE came on for consideration on the Debtor's Motion for Mortgage Modification Mediation Document No. 20 (the "Motion") regarding HSBC Bank USA, N.A., as Trustee on behalf of ACE Securities Corp. Home Equity Loan Trust and for the registered holders of ACE Securities Corp. Home Equity Loan Trust, Series 2006−ASAP5, Asset Backed Pass−Through Certificates, as serviced by OCWEN LOAN SE , regarding 1602 PROVIDENCE BLVD., DELTONA, FL 32725 and loan number 8520 .

   It is

   **ORDERED:**

   1. The Motion is granted.

   2. <u>Selection of Mediator</u>. Within 14 days after entry of this Order, parties shall jointly select a Mediator qualified pursuant to Administrative Order FLMB−2018−3. If the parties cannot timely agree on a Mediator, the Debtor will select the Mediator, and the Lender may file an objection within seven days. If a timely objection to a Mediator is filed, the Chapter 12 or 13 Trustee or the Clerk in a Chapter 7 or 11 case shall appoint the Mediator from the Registered Mediation Panel. If the Debtor is not represented, the Court may select a Mediator.

   3. <u>Objections to Mortgage Modification Mediation ("MMM")</u>. Lender may seek reconsideration of this Order by written motion filed within 14 days after entry of this Order. If a timely motion for reconsideration is filed, the Court will set a hearing, and all deadlines in this Order are suspended pending resolution.

   4. <u>MMM Portal.</u> Parties must use a secure Portal (e.g. https://www.dclmwp.com/Home or https://www.hlp.org [which use is free to the Debtor]) ("Portal") for the submission of all documents related to the MMM process. Parties may communicate outside the Portal orally and may file duplicate documents elsewhere, but all written communication relating to the MMM process shall occur through the Portal. Any litigated matters incidental to the mediation are separate matters, and parties are not required to use the Portal for these separate matters.

5. <u>Registration on the Portal.</u> All parties and their attorneys must register to obtain access to the Portal. Parties and their counsel shall register with the Portal within seven days of the entry of this order; however, registration is a one–time event and, once registered, the party can use the Portal on other MMM mediations without registering again.

6. <u>Initial Lender's Package.</u> Upon registration, Lender shall upload all forms, documentation, and other requirements required for the Lender to start the MMM process ("Lender's Initial Package") for posting on the Portal. Lender shall update its requirements, as needed. If the Lender fails to timely register or supply its Initial Lender's Package, the Debtor may file a motion with the Court seeking sanctions against the Lender.

7. <u>Identification of Mediators</u>. Debtor shall identify the Mediator on the Portal within seven days of the Mediator's selection.

8. <u>Submission of Documents on Portal</u>. No later than seven days after the Lender's registration on the Portal, the Debtor shall a) pay the Portal fee, b) upload a copy of this Order to the Portal, and c) submit all documents and financial information requested by the Lender to the Portal. Within 14 days thereafter, the Lender shall acknowledge receipt of the Debtor's information and advise the Debtor of any additional or missing information needed by the Lender to proceed with its review. Debtor shall supply any missing or additional information to the Lender via the Portal within seven days from the time of the Lender's request.

9. <u>Scheduling Mediation</u>. Within 28 days of the entry of this Order, the Mediator shall work diligently with the parties to coordinate a mutually convenient date, time, and place of the mediation.

10. <u>Conclusion of Mediation within 150 Days</u>. Parties will conclude the MMM process within 150 days of the filing or conversion of the case, unless that time is enlarged by written consent on the Portal, by stipulation of the parties, or by Court order.

11. <u>Settlement Authority</u>. Lender's designated representative shall have the authority (within investor guidelines) to settle and will attend and continuously participate in all scheduled mediation sessions.

12. <u>Telephonic Attendance</u>. Parties may participate in mediation sessions by telephone with the Mediator's approval. Debtor shall provide a foreign language interpreter at the Debtor's expense. All parties not physically present must be ready, willing, and able to sign a binding settlement agreement by facsimile, email, or other electronic means during mediation.

13. <u>Lender Obligations</u>. Lender shall timely underwrite the loan modification request. If the Lender transfers the loan, the Lender must provide a copy of this Order to the Successor Lender, who must comply with all terms of this Order and is bound by all agreements, whether interim or final.

14. <u>Mediator Obligations</u>. The Mediator shall:

a) Be governed by the standards of professional conduct in the Florida rules for certified and court–appointed mediators and shall have judicial immunity in the same manner and the same extent as a judge;

b) Receive compensation of $500.00 for preparation for the mediation, execution of required documents, facilitation of document and information exchange between the parties, and participation in only two one–hour conferences;

c) Receive compensation at an agreed hourly rate for any MMM conferences that extend beyond two one–hour conferences;

d) Login to the MMM portal within seven days after designation and use the Portal to facilitate the exchange of information of additional documentation between the Parties to perfect the documents needed for Lender to complete its review;

e) Report on the Portal the scheduling of all mediation sessions and maintain a log of attendees at each session; and

f) File with the Court a report within seven days of the conclusion of the mediation conference indicating the current status of the mediation. If the Mediator fails to comply with this reporting requirement, the Court, upon motion, notice and hearing, may order the disgorgement of mediation fees or removal of the Mediator from the Registered Mediation Panel.

15. <u>Mediator Fees</u>. Debtor and Lender each shall pay $250 directly to the Mediator within 14 days of the designation of the Mediator. Parties also shall equally pay the Mediator for any additional hourly fees incurred in MMM conferences that extend beyond two, one–hour sessions. The mediator is not required to commence work until payment of $500 is received, but if the parties settle before the payment due date, the Mediator shall not be entitled to a fee.

16. <u>Privileged Communications</u>. All oral or written statements made by the parties, attorneys, and other participants at or associated with the mediation are privileged and confidential except that the log of attendees maintained by the Mediator is not confidential. No confidential statements shall be reported, recorded, placed into evidence, made known to the Court, or construed for any purposes as an admission. No party shall be bound by any statement made or action taken at the conference unless an agreement is reached.

17. <u>Stay Modified to Allow Loan Modification</u>. The automatic stay is modified, to the extent necessary, to facilitate the MMM process. Participation in mediation conducted under this Order does not preclude participation in state court foreclosure mediation.

18. <u>Adequate Protection Payments</u>. In Chapter 12 and 13 cases, Debtors seeking MMM shall provide adequate protection to the lenders through payments made to the Chapter 12 or 13 Trustee. For *homestead* properties, the Debtor shall pay the lesser of (a) 31% of their gross disposable income (after deducting homeowner association fees), or (b) the normal monthly contractual mortgage payment. For *non–homestead* income producing property, the Debtor shall pay 75% of the gross rental income generated by the property. The Chapter 12 or 13 Trustee shall disburse these adequate protection payments to the lender unless the Court orders or the parties file a written stipulation otherwise. In all other chapters, the Debtor shall make the trial payments directly to the lender as agreed between the parties and without requiring Court approval or any modification of the automatic stay.

19. <u>Abatement of Payment Changes and Deferral of 3002.1 Notices</u>. All changes to the regular contractual mortgage payments are abated and all notices required by Bankruptcy Rule 3002.1 (b) and (c) are deferred pending the conclusion of the MMM process, including during any trial payment period.

20. <u>Distribution of Payments made during the MMM Process</u>. Unless the parties have agreed to the contrary, the Lender shall apply all MMM payments made during the MMM process in accordance with the applicable loan documents and non–bankruptcy law.

21. <u>Distribution of Payments after Conclusion of the MMM Process</u>. MMM is deemed concluded upon the earliest of: (a) the filing of report of conclusion by the Mediator, (b) an order approving a temporary or permanent payment plan, or (c) other Order indicating the MMM concluded. Upon conclusion of the MMM, any payments not yet disbursed to the lender by the Chapter 12 or 13 Trustee shall be disbursed:

    a) If MMM resulted in an agreed mortgage modification agreement, which may include the lender's decision to decline receipt of additional funds, as agreed by the parties.

    b) If MMM did *not* result in a mortgage modification agreement, then

        (i) To the lender to be applied under the applicable loan documents and non–bankruptcy law, or

        (ii) If the lender affirmatively rejects the undisbursed funds, the Chapter 12 or 13 Trustee shall distribute payments as provided by the Chapter 13 Plan or Confirmation Order.

22. <u>Effect of Dismissal or Conversion on Payments to Lenders</u>. Notwithstanding the foregoing provisions, if a Chapter 12 or 13 case is dismissed or converted to a Chapter 7 or 11 case, the Chapter 12 or 13 Trustee shall disburse any funds remaining in the Trustee's possession to the Debtor and, if the Debtor is represented, to the Debtor in case of the Debtor's attorney.

23. <u>Good Faith Requirement</u>. All parties are directed to comply with this Order and to engage in the MMM process in good faith. Failure to do so may result in the imposition of sanctions.

24. <u>Extension of Deadlines</u>. Any of the deadlines imposed by this Order may be enlarged by order of the Court.

25. <u>Parties Directed to Comply</u>. If any party or their counsel fails to comply with this Order, the Court will consider a motion to vacate this Order and also may impose sanctions against the non–compliant party or counsel.

Movant's Attorney is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the order.

*All references to "Debtor" shall include and refer to both of the debtors in a case filed jointly by two individuals.